# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                            Case No. 05-CR-118

KEITH A. ROBERTS,

    Defendant.

## RECOMMENDATION TO UNITED STATES DISTRICT JUDGE WILLIAM C. GRIESBACH

On April 26, 2005, a federal grand jury sitting in this district returned a six-count indictment against defendant Keith Roberts. The indictment charges the defendant with knowingly executing a scheme to defraud the United States Department of Veterans Affairs (VA) by using, and causing to be used, the United States mail in a matter set forth in the indictment, in violation of 18 U.S.C. § 1341. The defendant appeared for an arraignment and plea on May 16, 2005, and entered a plea of not guilty.

On June 9, 2005, the defendant filed a Motion to Dismiss Pursuant to the Due Process Clause of the Fifth Amendment and the Right to Present the Defense under the Sixth Amendment. (Docket #13). The government opposes the motion which will be addressed herein.

## MOTION TO DISMISS

In moving to dismiss, the defendant states that the government has charged him with knowingly devising and participating in a scheme to defraud the VA which began in approximately 1995 and continued to at least 2004. Specifically, the government alleges that

the defendant gave materially false and fraudulent statements to the VA claiming to suffer from post traumatic stress disorder (PTSD) based upon his alleged fabricated role in a 1969 airplane accident in Italy that killed Navy Airman Gary Holland. The indictment alleges six overt acts of mail fraud from 2002 to 2003, which were part of the alleged scheme.

The defendant asserts that the government will be required to prove not only the six counts of mail fraud, but also the alleged false representations regarding the airplane accident in 1969. The defendant asserts that although the indictment alleges a scheme from 1995 to 2004, "the gravamen of the trial will be the 1969 accident." (Memorandum in Support of Motion to Dismiss Pursuant to Due Process Clause, the Fifth Amendment and the Right to Present a Defense under the Sixth Amendment [Defendant's Memorandum] at 4). Thus, the defendant maintains that he will have to present a defense regarding an incident that occurred approximately 36 years ago.

The defendant points out that his motion is not based on the right to a speedy trial under the Sixth Amendment since such speedy trial right does cover the period prior to arrest. He also states that he is not alleging a statute of limitations violation because the government does not allege that he committed a crime in 1969. He also does not rest his argument on pre-indictment delay. Rather, defendant asserts that, "the staleness of the accident in 1969 jeopardizes his rights under the Due Process Clause of the Fifth Amendment and his right to present a defense as understood by the Sixth Amendment." (Defendant's Memorandum at 5).

In opposing the motion, the government agrees that the circumstances surrounding the 1969 plane crash will need to be proven at trial to convict the defendant, but that this does not rise to the level of a constitutional violation. The government states that it must show that the defendant's post-traumatic stress disorder (PTSD) claims are not valid and, therefore, will

produce witnesses to the 1969 plane accident to contradict the defendant and to show that he fabricated his involvement in the rescue. The government acknowledges that at least two witnesses from the 1969 accident have died, but argues that certain witnesses in criminal trials are often no longer available by the time of trial, citing homicide cases which have no statute of limitations. The government further asserts that the fact that witnesses may be unavailable or that their memories may have faded and documents may have been destroyed, even if true, do not amount to constitutional violations. Therefore, the government states that the defendant has failed to establish a sufficient factual basis for granting the motion to dismiss.

## **ANALYSIS**

The Fifth Amendment to the United States Constitution provides in relevant part: "No person shall be . . . deprived of life, liberty, or property, without due process of law." The Sixth Amendment provides in pertinent part: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, . . . to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defence."

The facts of this case are unique. The government will need to present evidence of events which occurred over 45 years ago as a basis for the actual charged counts. However, the mail fraud counts charged in the indictment are alleged to have occurred in 2002 and 2003, and thus, would fall within the statute of limitations period. The defendant acknowledges the uniqueness of the case and does not argue pre-indictment delay. Rather he asserts that the staleness of the 1969 accident jeopardizes his Fifth Amendment right and his right under the Sixth Amendment to present a defense.

As the parties recognize, a defendant's primary safeguard against prosecutorial delay in seeking an indictment lies in the applicable statute of limitations. United States v. Carmany, 901 F.2d 76, 78 (7th Cir. 1990). Yet the Fifth Amendment's due process clause also plays a limited role in protecting a defendant from oppressive delay. United States v. Lovasco, 431 U.S. 783, 789 (1977); United States v. Canoy, 38 F.3d 893, 901 (7th Cir. 1994).

In United States v. Marion, 404 U.S. 307, 324 (1971), cited by the defendant, the Court stated that the Fifth Amendment due process clause would require dismissal of the indictment "if it were shown at trial that the pre-indictment delay . . . caused substantial prejudice to the [defendant's] rights to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused." To establish that a pre-indictment delay violated due process, a defendant must "prove that the delay caused actual and substantial prejudice to his fair trial rights, and there must be a showing that the government delayed indictment to gain a tactical advantage or some other impermissible reason." United States v. Sowa, 34 F.3d 447, 450 (7th Cir. 1994) (citing Marion, 404 U.S. at 325). Even if a defendant proves prejudice, due process is not violated if the government's delay is due to further investigation to solidify its case. Lovasco, 431 U.S. 783 (1977).

The defendant has not presented any cases that address the specific issues raised by his motion. In addition to Marion, 404 U.S. at 324, the defendant also cited In re Oliver, 333 U.S. 257 (1948) and Crane v. Kentucky, 476 U.S. 683 (1986) in support of his motion. In Oliver, 333 U.S. at 257 (1948), a habeas corpus proceeding, the defendant, who was testifying before a judge sitting as a grand jury, was charged, convicted and immediately sentenced to jail for lying to the judge, all within the context of the secret proceeding. The defendant was not informed of the charge or given the opportunity to be represented by counsel. In overturning the state court decision, the Court acknowledged, as the defendant

points out, that the defendant had, "as a minimum, a right to examine the witnesses against him, to offer testimony, and to be represented by counsel." Id. at 273. Thus, the facts in Oliver are clearly distinguishable from the facts in the instant case.

Crane v. Kentucky, 476 U.S. 683 (1986) also provides little assistance to the defendant's position. The defendant in Crane, who was convicted of murder, appealed the trial court's exclusion of testimony at trial concerning the circumstances of the defendant's confession. In reversing and remanding the lower court's decision, the Supreme Court reiterated the well-established principle that "the Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'" Id. at 690 (quoting California v. Trombetta, 467 U.S. 479, 485 [1984]).

In Marion, the indictment against two defendants charged with fraudulent business practices was dismissed for lack of a speedy prosecution. The Court reversed, holding that the Sixth Amendment's guarantee of a speedy trial applied only after a person had been accused of a crime. Although the defendants had argued that there was a real possibility of prejudice in an extended delay because memories dim, witnesses become inaccessible and evidence may be lost, the Court found that "these possibilities were not in themselves enough to demonstrate that [the defendants] cannot receive a fair trial." Id. at 326.

In this case, the defendant states that two witnesses have died, that memories have faded and documents may have been lost or destroyed. However, the death of a witness in a criminal trial is not an uncommon occurrence, especially in homicide cases which have no statute of limitations. Memories of witnesses can dim even after a brief period of time for various reasons. The defendant's contentions about any Fifth Amendment due process violation or Sixth Amendment violation are merely speculative and premature. He has not

shown actual prejudice if this case were to proceed. Moreover, it must be remembered that the actual mail fraud charges have been brought well within the statute of limitations.

In sum, the defendant has not shown actual prejudice so as to establish that he cannot receive a fair trial. See Marion, 404 U.S. at 325-326. Accordingly, this court will recommend that the defendant's motion to dismiss the indictment be denied.

## **CONCLUSION**

**NOW, THEREFORE, IT IS RECOMMENDED** that United States District Judge William C. Griesbach enter an order **denying** the defendant's Motion to Dismiss Pursuant to the Due Process Clause of the Fifth Amendment and the Right to Present the Defense under the Sixth Amendment. (Docket #13).

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any recommendation herein or part thereof may be filed within ten days of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin, this 24th day of June, 2005.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge