UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

  v.                                                                       Case No. 05-CR-118

KEITH A. ROBERTS,

    Defendant.

**DECISION AND ORDER**

       On April 25, 2005, a federal grand jury returned a six-count mail fraud indictment against defendant Keith A. Roberts. All six counts stem from Roberts' alleged scheme to defraud the United States Department of Veterans Affairs (VA) of over $329,000 in compensation benefits. The six counts are alleged to have occurred over an approximately eighteen-month period between February of 2002 and October of 2003. Each of the counts relates to events that occurred, however, more than thirty years previously. According to the indictment, during Roberts' tour of duty at the naval air station in Naples, Italy in February of 1969, Airman Gary H. was killed when an airplane's nose wheel landing gear collapsed, pinning him in the wheel for several minutes. Although the airman was extricated and life-saving efforts were attempted, he was pronounced dead from his injuries. The indictment alleges that Roberts falsely claimed to suffer from post-traumatic stress disorder as a result of his role in the 1969 accident involving Airman Gary H. In fact, however, the indictment alleges that Roberts was not present at the time of the accident. Each of the six counts relates to separate and distinct letters that Roberts sent to the VA regarding his claim for benefits.

On June 9, 2005, Roberts filed a motion to dismiss the indictment, alleging a fifth amendment due process violation and a sixth amendment right to present a defense. More specifically, Roberts contends that his fifth amendment right to due process and his sixth amendment right to a speedy trial are violated by the prosecution because he has to defend against allegations from 1969.

On June 24, 2005, Magistrate Judge Patricia Gorence issued her recommendation that the motion be denied. Magistrate Judge Gorence found no evidence of prosecutorial delay and easily distinguished the cases cited by Roberts in support of his motion. I am in agreement with Magistrate Judge Gorence's analysis and adopt it as my own.

On July 19, 2005, Roberts filed his objections to the magistrate judge's determination. He contends that the government has failed to exhaust administrative remedies and further that the prosecution failed to provide independent medical opinion to the grand jury. Finally, he argues that the prosecution has not provided him with a complete copy of his record. None of the objections support Roberts' motion. There is no obligation to exhaust administrative remedies on the part of the United States Government before bringing a criminal prosecution. Failing to provide an independent medical opinion to the grand jury is not grounds for dismissal of the charge. Nor is the failure to provide the defendant with a copy of his record. If Roberts has specific discovery requests to which the government has not responded, he may be entitled to some relief, but none of the grounds asserted by him in his objections support the motion to dismiss. Accordingly, I adopt the magistrate judge's recommendation and order that the defendant's motion to dismiss be denied.

**SO ORDERED**.

Dated this _____ day of July, 2005.

_____
William C. Griesbach
United States District Judge