# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

  v.                                               Case No. 05-CR-118

KEITH A. ROBERTS,

    Defendant.

## ORDER DENYING MOTION TO DISMISS INDICTMENT

Defendant Keith A. Roberts is charged in a superseding indictment with five counts of wire fraud in violation of 18 U.S.C. § 1343. Each of the counts is alleged to have arisen out of a scheme devised by Roberts to defraud the United States Veteran's Administration (hereinafter, "the VA"). More specifically, Roberts is alleged to have fraudulently obtained VA disability benefits based upon false representations made by him that in 1969, while serving at a naval station in Naples, Italy, he witnessed and was directly involved in the unsuccessful attempt to rescue an airman who became pinned in the wheel well of a C-54 cargo plane when the landing gear unexpectedly collapsed. Based upon his allegedly fraudulent misrepresentations, Roberts was found to be suffering from a service-connected disability, namely, post-traumatic stress disorder. The superseding indictment alleges that, as a result of his fraudulent scheme, more than $320,000 to which he was not entitled was mailed to Roberts' bank account.

The case is presently before me on Roberts' motion to dismiss the indictment on the grounds that the prosecution violates the separation of powers doctrine of the United States Constitution. Roberts also alleges in his brief in support of his motion that the indictment is vague and fails to reasonably inform him of the charges against him. The court previously rejected these contentions in denying Roberts' motion for a bill of particulars and will not address them further here. With respect to his separation of powers argument, Roberts appears to claim that his criminal prosecution, if allowed to go forward at all, must await the outcome of the VA's determination of his appeal from the termination of his benefits. This argument, though not made in terms of "separation of powers", was also previously presented in a motion to dismiss the indictment. *See* Def.'s Mot. To Dismiss, docket # 42; and Order Denying Mot. To Dismiss, docket # 49. In the present version of his motion, Roberts argues that, given the VA's responsibility and specialized knowledge and expertise concerning veteran's benefits, allowing the criminal prosecution to go forward would place this court in the position of reviewing a decision by another branch of government. It would strip the VA of its ability to establish veterans' benefits policy and therefore violates the separation of powers doctrine.

In response to Roberts' motion, the government makes two arguments. First, it argues that the time for filing motions is long past and for that reason alone, Roberts' motion should be denied. Secondly, the government argues that this motion is simply a rehash of previous motions Roberts has filed in the case and it should be summarily denied for the same reason.

It is true that Roberts' motion is untimely, but given the unusual procedural history of the case, the court will address the motion on its merits. Roberts' present attorney is the third to handle his defense. In addition, when the present attorney took over his representation, Roberts'

2

competency to proceed was in question and, thus, the court was reluctant to act on any substantive motions. The competency issue having been resolved, the court addressed the motions that were then pending. It was the court's understanding that the only motion that was outstanding at that time was Roberts' motion for a bill of particulars, which the court denied by order of April 14, 2006. To the extent the court was mistaken, the motions for dismissal based upon double jeopardy and improper behavior by the VA in denying his benefits, which were filed by Roberts' previous counsel, are summarily denied. Simply stated, neither motion has any basis in law.

With respect to the motion to dismiss for violation of separation of powers, I likewise conclude that it should be denied. This court is simply unable to discern any separation of powers difficulty in the facts of this case. The Executive Branch, through the VA, has apparently concluded that Roberts engaged in fraud in connection with his application for service-connected benefits and has therefore terminated his benefits. At the same time, the Executive Branch, acting through the Department of Justice, has concluded that Roberts conduct merits criminal prosecution. This court is presiding over the criminal case against Roberts, which does not require any intrusion by the court upon matters entrusted to the discretion of the VA.

The principal case cited by Roberts in support of his contention that a separation of powers problem exists, *Securities and Exchange Commission v. Chenery*, 318 U.S. 80 (1947), is completely inapposite. *Chenery* did not involve a criminal prosecution for fraud, but rather judicial review of an order entered by the SEC. It stands for the well-established rule that determinations entrusted to specialized administrative agencies are entitled to judicial deference. 318 U.S. at 94. Neither *Chenery*, nor any of the other cases cited by Roberts, support his contention that the indictment charging him with wire fraud in connection with his application for benefits should be dismissed

3

simply because he is challenging the agency's determination of his claim in another forum.  Absent any authority to support his motion, I conclude that it should be denied.

**SO ORDERED** this   30th   day of May, 2006.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge