UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.    Case No. 05-CR-118

KEITH ROBERTS,

    Defendant.

**ORDER**

Defendant Keith A. Roberts has been charged by indictment with five counts of wire fraud. The violation dates extend from February, 2001 to January, 2004. All of the counts stem from an alleged scheme by Roberts to defraud the United States Department of Veteran's Affairs (VA) of over $329,000 in compensation benefits by concocting a story that he witnessed the non-combat accidental death of a fellow serviceman while serving in Italy in 1969. Roberts claimed that, as a result of the incident, he suffers from a service connected disability, namely post-traumatic stress disorder. The case is scheduled to proceed to trial November 6, 2006. This is the fifth trial date that has been set in this matter and the record reflects that Roberts is being represented by his fourth attorney. A final pre-trial was held on October 31, 2006, at which time the government challenged the admissibility of certain evidence the defendant seeks to introduce. At the conclusion of the pre-trial conference, I advised the parties that I would issue a ruling on the government's motion. That is the purpose of this order.

The challenged evidence consists of proposed testimony by Drs. Donald B. Derozier and Elaine Tripi, both psychologists who have evaluated the defendant and submitted reports in support of his claim for benefits with the VA. Defendant proposes to call Dr. Derozier and Dr. Tripi to testify that he does in fact suffer from post-traumatic stress disorder. The government contends that such testimony is not relevant and would confuse and mislead the jury. In the government's view, the issue for the jury to decide is whether the defendant engaged in the scheme to defraud that is alleged in the indictment. The indictment alleges that the scheme consisted of the fabrication of the defendant's role in and presence at the accident in which airman Gary Holland lost his life. The government contends that, if in fact the defendant lied in his statements to the VA concerning that incident, he would be guilty, even if he actually suffers from post-traumatic stress disorder as a result of other causes. Thus, the government contends that whether or not Roberts suffers from post-traumatic stress disorder is irrelevant. In support of its argument, the government relies upon *Nader v. United States*, 527 U.S. 1 (1999), and *United States v. Reynolds*, 189 F.3d 521 (7th Cir. 1999). Both cases support the government's contention that reliance is not an element of wire fraud. *See Nader*, 527 U.S. at 24-25. It is the scheme to defraud that is prohibited, and even if the defendant would have been entitled to benefits on some other basis, it would not be a defense to the charge that the scheme employed by the defendant was fraudulent. Thus, there is no inconsistency in the defendant actually being disabled with post-traumatic stress disorder and being guilty of the offense charged.

But this does not mean that the evidence that the defense proffers is irrelevant. Relevant evidence means "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the

2

evidence." Fed. R. Evd. 401. In this case, the fact that the defendant actually suffers from post-traumatic stress disorder makes more probable his claim of having witnessed a traumatic event. Thus, the fact that Roberts actually suffers from post-traumatic stress disorder is relevant to his claim that he was present and played a significant role in the rescue attempt of Airman Holland. It also might be relevant to motive, or the absence of motive. Although motive is not an element of the offense, intent to defraud is. If in fact the defendant actually does suffer from PTSD triggered by an experience he had in the service, it is at least arguable that he had no motive to manufacture an explanation. The absence of motive is relevant to intent. Ultimately, I conclude that the fact that the defendant may have various other traumatic events which could give rise to PTSD goes to the weight of such evidence, not its admissibility. The danger of jury confusion can be dealt with, as in most cases, by carefully formulating the jury instructions and the arguments of counsel. Accordingly, I conclude that the defense evidence that Roberts actually suffers from post-traumatic stress disorder is admissible.

Defendant also requested an adjournment at the pre-trial conference on the grounds that Dr. Elaine Tripi had advised him that she had other appointments and would not be able to attend the trial. At the defendant's request, a subpoena was issued for Dr. Tripi and the court is advised that she has been served. No motion to quash that subpoena is before the court. Counsel was also unable to explain at the pre-trial conference what events or activities would prevent Dr. Tripi from being able to attend the trial. Based upon these facts, and given the history of this case and the multiple prior adjournments, the court denied the motion to adjourn trial. Counsel also requested that the court consider allowing Dr. Tripi to testify by telephone. While the court would have no difficulty allowing Dr. Tripi to testify by telephone, there is no authority for the court to do so

3

absent the consent of the government. The government has insisted that it will not agree to such testimony. Under these circumstances, it appears that Dr. Tripi is required to be present at the trial in order for this case to proceed. Counsel may wish to remind Dr. Tripi of the consequences of failing to comply with a lawful subpoena.

Accordingly, for the reasons stated herein and at the pre-trial conference, the defendant's motion for an adjournment is denied and the government's motion in limine to prohibit the testimony of Dr. Derozier and Dr. Tripi concerning whether the defendant currently suffers from post-traumatic stress disorder is denied.

**SO ORDERED** this 1st day of November, 2006.

s/ William C. Griesbach
William C. Griesbach
United States District Judge