UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

  v.                                                                Case No. 05-CR-118

KEITH A. ROBERTS,

        Defendant.

## ORDER DENYING MOTION FOR JUDGMENT OF ACQUITTAL

On November 8, 2006, a jury returned a verdict finding Defendant Keith A. Roberts guilty of five counts of wire fraud in violation of 18 U.S.C. § 1343. The case is presently before me on Roberts' motion for judgment of acquittal pursuant to Fed. R. Crim. P. 29. For the reasons that follow, Roberts' motion will be denied.

The charges against Roberts arose out of an alleged scheme devised by Roberts to defraud the United States Veteran's Administration (hereinafter, "the VA"). More specifically, Roberts was alleged to have fraudulently obtained VA disability benefits based upon false representations made by him that in 1969, while serving at a naval station in Naples, Italy, he witnessed and was directly involved in the unsuccessful attempt to rescue an airman who became pinned in the wheel well of a C-54 cargo plane when the landing gear unexpectedly collapsed. Based upon his allegedly fraudulent misrepresentations, Roberts was found to be suffering from a service-connected disability, namely, post-traumatic stress disorder (PTSD). As a result of his fraudulent scheme, the

government claimed that more than $320,000 to which he was not entitled was wired to Roberts' bank account.

Rule 29(a) requires the court to enter a judgment of acquittal "of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). "A trial judge should reverse a jury verdict only if, viewing the evidence in the light most favorable to the prosecution, the record contains no evidence on which a rational jury could have returned a guilty verdict." *United States v. Murphy*, 406 F.3d 857, 861 (7th Cir. 2005). It is not the function of the reviewing court to reweigh the evidence or make credibility determinations. *United States v. Groves*, 470 F.3d 311, 323-24 (7th Cir. 2006). A jury verdict can be overturned for insufficiency of the evidence "only if, after viewing the evidence in the light most favorable to the government, the record is devoid of evidence from which a reasonable jury could find guilt beyond a reasonable doubt." *Id.* at 323.

As the jury was instructed, in order to sustain a charge of wire fraud, the government is required to prove the following four elements beyond a reasonable doubt:

> 1. that the defendant knowingly devised or participated in the scheme to defraud, as described in the indictment;
>
> 2. that the scheme involved the misrepresentation of a material matter;
>
> 3. that the defendant did so knowingly and with the intent to defraud; and
>
> 4. that for the purpose of carrying out the scheme or attempting to do so, the defendant caused interstate wire communications to take place in the manner charged in the particular count.

*See* Seventh Circuit Pattern Instruction for 18 U.S.C. § 1343; *Neder v. United States*, 527 U.S. 1, 25 (1999); and *United States v. Reynolds*, 189 F.3d 521, 525 n.2 (7th Cir. 1999). The jury was also

instructed that "[a] representation is "material" when it has a natural tendency to influence, or is capable of influencing, the decision of the decision making body to which it is addressed. The government does not have to prove that the representation did, in fact, influence the decision maker." Jury Instructions (Doc. # 151), at 8.

Roberts argues that his conviction must be set aside because the government failed to prove that his account of his involvement in the rescue attempt of Gary Holland was untrue. He notes that the evidence presented at trial, which the government did not contest, established that he did in fact suffer from PTSD. Thus, the only basis for a finding of guilt would be if he lied about his involvement in the rescue attempt. Since he did not testify or otherwise refute his original version of the events, the only way the verdict can be sustained, Roberts argues, is if the government proved that his statements about the incident could not possibly have been true. Roberts contends that not only did the evidence fail to establish his version of events was untrue, but it actually established that his version is quite plausible. The evidence established that he was stationed at the airbase in Naples, Italy on the date Holland was killed in just such an accident as he described. There is no evidence he was on leave or otherwise away from the base on the day in question. And the evidence suggests that just about everyone on the base responded to the accident scene after general quarters was sounded. Because witnesses to the incident that had occurred almost forty years ago could only testify that they had no recollection of seeing him at the scene of the rescue, Roberts claims the evidence is insufficient as a matter of law to disprove his version. For these reasons, Roberts argues the jury's verdict should be set aside and judgment of acquittal should be entered.

But the government introduced evidence that in his application for disability benefits, Roberts did not merely claim that he was a witness to the accident. He claimed that he was a close

3

friend of Holland, that the two had attended basic training together, and that he was directly involved in the unsuccessful rescue effort. In fact, the government presented evidence that Roberts claimed to have been in charge of and leading the rescue attempt, but that his effort was thwarted by a commander more concerned with avoiding damage to the aircraft than a man's life. Roberts claimed he was relieved of his duties and placed under arrest while his friend suffocated as a result of his superiors' failure to take quick action. He claimed that when the plane was finally lifted off its front wheel, he broke away from the guards who were restraining him and caught Holland's body as it fell out of the wheel well. Roberts also claimed that Holland was conscious initially and he regained consciousness after he was extricated and just before he was airlifted to the hospital. The government argues that these statements concerning his own involvement in the rescue effort and his close relationship to Holland constituted the material misrepresentations that lay at the heart of Roberts' fraudulent scheme and that the evidence presented at trial amply supports the jury's verdict. I agree.

The government introduced testimony from seven veterans that were at the scene of the accident, including Lieutenant Commander Jerry Fuchs, who headed the investigation of the accident and authored a fifty-page report on it, and none of them could recall seeing Roberts at the scene. Roberts is not mentioned in Fuchs' report. Based on their testimony, the jury could have reasonably found that Roberts, an airman at the time, was never in charge of the rescue effort, that he was never arrested, that he did not break away from his guards, that he did not extricate Holland from the wheel well and carry him to the waiting medical personnel, and that Holland never regained consciousness. From the testimony of Martin Sunglao, Holland's roommate and friend who did not know Roberts, and the fact that Roberts did not attend basic training with Holland as

4

he claimed, the jury could also reasonably conclude that Roberts lied about his relationship with Holland.

All of these representations were material to Roberts' claim that he suffered from service-connected PTSD in that they had a natural tendency to influence or were capable of influencing the person responsible for deciding his claim. Each concerns the type of information that, as the government argues, "increased the 'proximity' of, or intensified, the reported stressor." (Govt.'s Resp. at 11.) Indeed, why else would Roberts have made them up unless he believed that they would make his claim more likely to be believed? In addition, Barbara Nehls, the ratings specialist who ultimately approved Roberts' claim, and the testifying psychologists testified that it was essential for the claimant to tell the truth regarding the stressful events purportedly giving rise to PTSD.

This evidence, together with the evidence of Roberts' claims history with the VA, his submission of only those three pages of the Fuchs' report that confirmed Holland's death, and his later testimony before the Board of Veterans Appeals in which he denied that the Holland incident was the primary stressor that resulted in his PTSD, provide a sufficient basis upon which a reasonable jury could find Roberts guilty of each of the five counts of wire fraud. I therefore conclude that the motion for judgment of acquittal must be denied.

**SO ORDERED** this   3rd   day of January, 2007.

                                                       s/ William C. Griesbach
                                                      William C. Griesbach
                                                      United States District Judge